JUAN BIANCHI Y ROSAFA ET AL., Plaintiffs and Appellees-Appellants, *v.* ESTELA BIANCHI ROSAFA, Defendant and Appellant-Appellee.

No. 6173. Argued June 22, 1933.—Decided November 24, 1933.

*José Sabater* for defendant-appellant. *Miguel A. García Méndez* for plaintiffs-appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On October 8, 1930, the District Court of Mayagüez rendered an order of injunction against the defendant, Estela Bianchi Rosafa, to restrain her from preventing the performance by the plaintiffs of certain acts on certain parcels of land belonging to said plaintiffs, until two actions of unlawful detainer brought by the defendant in the Municipal Courts of Mayagüez and Añasco were heard and finally decided. On appeal said order of injunction was affirmed by this court on February 5, 1931. On February 5, 1932, the District Court of Mayagüez, on motion of the plaintiffs, rendered an order dismissing the injunction suit and imposed costs and attorney's fees on the defendant. On March 26, 1932, plaintiffs filed a memorandum of costs. Defendant objected to said memorandum and maintained, among other things, that she had not been heard and that no final judgment had been rendered. The lower court, in deciding that objection, said:

"In the opinion of the court, the order of February 5, 1932, is a final judgment which should have been registered by the clerk and notified as provided by law, since it was appealable. Section 2 of the Act of March 9, 1911 (Session Laws, p. 226), entitled 'An Act to amend sections 92, 123, 227, and 229 of the Code of Civil Procedure,' reads as follows:

" 'Section 2.—In all cases in which an appeal may be taken as provided in Section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered,

notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers.'

"At the foot of the order of February 5, 1932, there appears an unsigned notation reading thus:

" 'This order was notified to attorneys Nazario & García Méndez and José Sabater this 15th day of March, 1932. E. San Millán, Clerk.'

"This notation by no means constitutes the filing of the copy of the notice of the judgment which according to the law serves as a basis for limiting the time of appeal. The law on this point is clear and definite. It provides that the clerk shall notify an appealable judgment to the losing part by mailing to him a written notice informing him of the rendition of the judgment or of the action of the court, and a copy of said notice shall be filed with the record, and the period to appeal shall begin to run from the date of the filing of said notice with the record.''

The clerk of the District Court of Mayagüez, conforming to the above opinion, served on the attorneys of the interested persons notice of the order dismissing the injunction suit and imposing costs and attorney's fees on the defendant. This notification, as it appears from the record, was made on August 19, 1932. On September 2 of the same year defendant took an appeal from the order rendered on February 5, 1932. The conclusions of the lower court as to the date when the time to appeal begins to run is based on the jurisprudence established by this court in construing section 2 of the Act of March 9, 1911 (Comp. Stat. 1911, sec. 5339). In the case of *Delgado* v. *Márquez et al.*, 37 P.R.R. 127, 129, this court refused to dismiss an appeal taken in February, 1927, from two orders rendered respectively in November, 1924, and in 1926. As appears from the notation made by the clerk at the foot of the documents, copies of the orders were forwarded by mail, one of them by registered mail to the attorney for the plaintiff. This court, in interpreting the law, which it characterized as explicit, said:

"Can the notes of the clerk as quoted take the place of the filing of the notice with the record? It is not possible; the law is explicit. It provides that the clerk shall mail 'a written notice to the losing party when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, *and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers.'*

"It is incomprehensible that a statute so explicit and of such importance to the parties should not be complied with by the proper officials. The parties, by their attorneys, should see to it that the law is complied with, for as said in the concurring opinion in *Cruz et al.* v. *Heirs of Jiménez, supra,* 'The beginning of a limitation on the right to appeal is strictly construed in favor of the appellant. 3 C. J. 1059 *et seq.,* citing, among others, California and Louisiana cases.' "

Plaintiffs argue that if, as defendant maintains, the order dismissing the case and imposing costs on her is not a final judgment then the period to appeal has expired, by the lapse of more than 10 days from August 19, 1932, to September 2 of the same year, when the appeal was taken. We think that if a final judgment is really involved, the opinion that defendant may have with respect to the character of the decision, does not affect her right to appeal with the period fixed by law. It is true that the defendant admits that she was notified by the clerk of the order appealed from on March 15, 1932; but it is also true that as it clearly appears from the notation of the clerk, a copy of said notice was not filed with the record, and therefore the time to appeal from the judgment rendered could not begin to run on that date.

With respect to the award of costs, whatever the opinion of this court may be when deciding the appeal on the merits, as to the authority of the court to grant them one year and four months after the rendition of the judgment, we think that it definitely decides the rights of the parties as to said costs and that it has the character of a final judgment rendered separately. The order may be erroneous in that it

imposed costs and attorney's fees on the defendant long after the writ of injunction had been issued and when the original judgment had been *ipso facto* extinguished, upon the judgments in the unlawful detainer suits becoming definitive (*firmes*); but there is no doubt that the order of dismissal whether correct or not, definitely decides the rights of the parties as to the costs.

Plaintiffs also maintain that the appeal is clearly frivolous. We are of opinion that this appeal was taken within the period fixed by law, that it is not frivolous as urged by plaintiffs, and that it should not be dismissed.